REQUESTED BY: Patrick Kelly, Sarpy County Attorney, Papillion, Nebraska.
1. What are the duties of the clerk of the district court of the county of issuance of the child support decree as to certification of delinquent child support payments?
2. What is the duty of the district court judge presiding over domestic relations cases in the county of issuance of the decree after the clerk of the district court certifies delinquent child support payments to him?
3. If the authorities of the county of issuance of the decree neglect to enforce child support payments, what remedies can be pursued?
4. What duties, if any, does the county attorney of the county of residence of the obligee have under the described circumstances?
1. The clerk shall maintain delinquency records and notify the court of those cases where payments are in arrears.
2. Section 42-341 through 42-371, R.S.Supp., 1976, covers divorce and alimonies. We do not believe it would be appropriate or necessary to comment on the duties of the court in the area of domestic relations.
3. As remedies, if the authorities of the county of the decree neglect to enforce the decree, the county attorney of the county of the residence of the obligee or mother could file a URESA petition under the intrastate provisions of the act. If there is a refusal to act then, the Attorney General may enter the case.
4. The county attorney of the county of residence of the obligee would have a duty to ask the county attorney of the county of the decree to act. If there was a refusal, he should proceed under the URESA statutes.
In regard to your first question section 42-358, R.S.Supp., 1976, which is clear as to the duties of the clerks of the district courts, reads in part as follows:
 "(2) The clerks of the district courts shall maintain delinquency records in each case docketed in which child support is fixed by order of the court. Each month the clerk shall certify all cases in which court-ordered child support is more than thirty days in arrears to the judge presiding over domestic relations cases. . . ."
As stated above, we do not feel that it is necessary to comment on your second question concerning the duties of the District Court.
Your third question was generally directed to the duty of authorities in the county of the decree. In your factual situation, the rendering county or the county of the decree paid 22 months in welfare payments. That county would have the duty to proceed under sections 43-512.01 and 43-512.03, 1977 Supp. Section 43-512.01, 1977 Supp., specifically states that the county attorney of the county where the welfare payments were made has a duty to act to collect child support payments by filing a complaint against the father or stepfather of the dependent child under section 28-449, R.R.S. 1943, (Prosecution for Willful Neglect) or file a civil petition under the provisions of section 43-512.03, 1977 Supp., whenever recovery of child support appears to be practicable.
In the instant case, the county attorney of the county of the decree where the assistance payments were made need not file a petition under section 43-512.03(1), 1977 Supp., because there is an existing child support order, but he would have the duty set out in section 43-512.03 which is to enforce child support orders by citing the defendant for contempt or filing a criminal complaint.
Your fourth question concerned the duty of the county attorney of the county of residence of the obligee or the mother who has the custody of the children and needs the support payments. It is the opinion of this office that there would be two alternative approaches. The obligee as an interested party, through her private attorney, could make application for a hearing under section 42-364.01 for the purpose of obtaining an order to withhold earnings. If this were not effective, the county attorney of the residence of the obligee or mother could file a petition under the Uniform Reciprocal Enforcement of Support Act, sections42-762 to 42-7,104, R.R.S. 1943, which according to section42-794 applies the interstate procedure to the intrastate situation as in the instant case.
The petition would allege all of the pertinent facts which in this case would set out the conditions of the decree of the rendering court. The court of the county of the obligee would then forward the petition and certificate to the county of residence of the obligor, that is of the husband or father. Section 42-779(a) provides that after the responding court (in the county of residence of the obligor) receives copies of the petition, certificate and act (URESA) the clerk of the court shall docket the case and notify the prosecuting attorney of his action. Section (b) provides that the prosecuting attorney shall prosecute the case diligently. And subsection (c) provides a sanction to the extent that if the prosecuting attorney neglects or refuses to represent the obligee the Attorney General may order him to comply with the request of the court or may undertake the representation.